Derbigny, 1.
delivered the opinion of the court. In this action, the Planters’ bank demanded of the defendant, master of the brig Hannah and Rebecca, the reimbursement of a quantity of dollars, contained in a keg, which was sent to be shipped on board of his vessel, and was, as they alledge, lost through his carelessness — The facts, however, being settled by a special verdict, in which the jury have declared, that this loss did not happen through the defendant’s fault, there is no occasion to enquire into the merits of the case as they now stand.
Rut the plaintiffs contend that, had the facts been presented to the jury, in the manner in which he had stated them, and which the court would not admit, a different result would have been obtained from their verdict. It is, therefore, necessary to ascertain, whether the district judge acted correctly in refusing to submit those facts to the jury.
By the 10th section of the act, entitled, “ an act to amend the several acts, to organize the courts of the state,” it is provided : “ that in every case to be tried by a jury, if one of the parties demands that the facts set forth in the peti- *671 lion and answer, should be submitted to the said jury, to have a special verdict thereon, both parties shall proceed, before the swearing of the said jury, to make a written statement of the facts so alledged and denied, the pertinency of which statement, shall be adjudged of by the court and signed by the judge, and the jury shall be sworn to decide the question of fact or facts so alledged and denied, ike ”—This provision, which is, wc think, the last that was enacted on this subject, requires the facts to be submitted to the jury, as they are alledged and denied.—This se.ems to have been understood as meaning, that the issue must be submitted to the jury nearly verbatim, as set forth in the pleadings. But shouid such have been the intention of the legislature, there was no necessity to provide that the pertinency of the statement of facts should be judged of by the court, for if the statement was to contain the allegations and denial in the words of the pleadings, there was no doubt about their pertinency.— No such restriction, we conceive, was ever intended ; and no such restriction could have been prescribed without defeating the object of the law, which evidently is to enable the parties to obtain from the jury, their decision upon the naked facts, unconnected with any matter of law'. Taking this very case as an example, the petition states that the dollars here claimed were deli *672 Vered to the defendant, and that they were lost through his carelessness. To shew such a delivery, the plaintiff could certainly state as a fact that the delivery was made to an agent of the defendant; but finding that they were delivered to the defendant himself, on evidence of delivery to an agent, is a finding on matter of law, for what constitutes an agent, and how far be may bind his principal, are matters of law. Again, it is said in general terms, that these dollars were not lost by th fault of the defendant: —this is, to all intents and purposes, a general verdict, the result of a consideration of both law and facts Yet, for aught we know, the facts, on which this opinion is predicated, might not warrant such a conclusion. The object of a special verdict is to establish facts, not inferences from facts One of the questions proposed by the plaintiff was, whether the loss happened after the ropes had been tied round the keg of dollars, and while the crew of the brig, was by the direction of the mate, bawling it on board. This was a proper fact to be submitted to the jury. Then the inference from it would have been, either that it happened through the defendant’s fault, or that it was not chargeable to him. But this inference was matter of law, because what constitutes neglect in a carrier is matter of law.
It is hardly necessary to travel out of this case. *673 for example, to shew that a verdict to be special, must state the naked facts and no more, and that a Verdict on a question couched in general terms, will, nine times out of ten, be found to include „ , ,. r r T matter of law as well as of fact.-—It appears to us, therefore, proper to admit the parties to lay before the jury the facts of their case, a$ naked as they can present them, and that no other restriction can be imposed upon them, than to require such facts to be pertinent to the issue. In this case, we think, that such part of the facts stated by the plaintiffs, as had no other object than to establish the agency of Taylor and Purdon, on this occasion, as agents of the brig, were irrelevant to the issue, in a suit against the captain alone, but that the rest was pertinent.
The plaintiffs further complain, that a witness, by them summoned, was excused from answering, because the questions put to him, tended to extort from him a disclosure of facts which might affect his interest, so as to make him liable to a civil suit.
Upon a question of this kind, the ancient laws of the country can afford no assistance. Laws which required torture to be inflicted on witnesses, suspected of participation in a crime, to compel them to reveal their own guilt and infamy, would not be very tender in protecting a witness, when his interest alone was at stake. Such laws, *674 bjcin⅛' at open war with the principles of a free government, must be considered as abrogated m common with all dispositions, repugnant to the liberality of our institutions —Hence, as much from a tacit conviction, that the former laws of evidence are sometimes adverse to the priviied-ges of freemen, as from the introduction of the trial by jury with all its concomitants and consequences, it has grown into practice to resort, upon questions of evidence, to the principles recognized in a country where liberty directs the administration of justice.
' Referí ing, therefore, to those doctrines, we find that in England, it was long doubted, whether the respect due to individual security and comfort, would permit to compel a witness to disclose facts, which might subject him to a civil action, or* charge him with a debt. Much was argued on both sides of the question ; decisions were given, disclaiming any right to extort such disclosures ; till at last, on a question referred by the house of lords to the twelve judges, eight of them, with the chancellor, were of opinion, that, provided the facts sought to be proved did not expose the witness to any penalty or forfeiture, he was bound to disclose them, though they should eventually subject him to a civil suit.
After that solemn adjudication, in a country where personal rights are so well understood, *675 there can be no inconvenience in adhering; to those principles here, where the laws which we derive from our former government are far from ° being so liberal. 1 Am. Law Journ. 223.
In truth, jt is difficult to conceive why, in the same court, where the parties themselves may be compelled to disclose the secret which may ruin their case, nay, where their silence, on such a question, is taken as an implied confession of the fact, where the prejudice to be suffered by that compulsion is certain and immediate, witnesses, called upon to avow a just debt or confess themselves liable to a just claim, should be au-thorised to conceal the truth to the injury of others, merely because they may eyentuallv be exposed to pay what they justly owe,
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be reversed, and that this case be remanded, to be tried anew, wdth instructions to the judge to admit and suffer to go to the jury, the facts stated by the plaintiffs, except such part thereof, as relates to the agency of Taylor and Purdon as agent of the vessel only, and also to admit the testimony of Thomas L. Taylor, and require his answers on all facts pertinent to the issue, although the disclosure of such facts may expose him to a civil suit.
Livermore for the plaintiffs, Maybin for the 1 ’ 3 defendants.